UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

   Plaintiff,

 v.               Case No. 18-CR-157

THOMAS J. OWENS,

   Defendant.

## ORDER FOR EVIDENTIARY HEARING

Defendant Thomas J. Owens has been charged by a Grand Jury with Distribution and Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2) and (5)(B). The charges grow out of an investigation conducted by the Oshkosh Police Department over the BitTorrent Network where some individuals share child pornography. In conducting its investigation, Oshkosh police officers used investigative software called "Torrential Downpour" (herein TD) which is designed to connect to peer-to-peer networks and identify IP addresses connected to computers that make available shared folders containing files with hash files known to be associated with child pornography. After TD detected targeted hash files known to be associated with child pornography at an IP address later identified with Owens' residence, a search warrant was executed, during which officers obtained thousands of depictions of child pornography.

Presently before the court is the defendant's motion to compel the government to disclose investigative BitTorrent software and related documents. The defendant has retained his own computer forensic expert and contends that copies of the investigative software programs used by law enforcement are necessary for him to conduct his defense. More specifically, Defendant notes

that the child pornography he is alleged to have distributed to the undercover agent as a result of his download was not found on his computer. He suggests that evidence of the software program and how it operates may assist his expert in explaining how law enforcement may have erroneously concluded that he was distributing such material. Defendant also contends that the information requested is necessary in order for him to assess whether there was an intrusion of his personal property in violation of the Fourth Amendment leading to the discovery of evidence that provided the basis of the warrant utilized to search his home and computers. For these and other reasons, the defendant requests that the government be directed to disclose the investigative BitTorrent software "Torrential Downpour", as well as related documents.

The government opposes the defendant's motion on the ground that the information sought is protected under the Law Enforcement Investigatory Privilege, and that disclosure of such information would result in irreversible harm to pending and ongoing criminal investigations. The government contends that the likely harm to its investigative ability far outweighs any benefit the defendant might receive from disclosure of the information.

Having reviewed the briefs submitted by the parties, the court is unable to determine whether the defendant's motion should be granted. The court is unable to determine from the briefs and supporting affidavit the materiality of the information sought by the defendant and the likelihood that it would assist in his defense. The government relies primarily upon the importance of the Investigatory Privilege and stresses the important role it plays. But, of course, the privilege must give way, if necessary, to protect the due process rights of the defendant. Moreover, it is not clear that a Protective Order cannot ensure the continued viability of the government's investigative

techniques while, at the same time, insuring the defendant has the information necessary to conduct his defense.

Based upon the foregoing, the court concludes that an evidentiary hearing is necessary in order to resolve the factual issues raised by the defendant's motion. Accordingly, the Clerk is directed to set this matter on the court's calendar within the next two weeks for a hearing at which both parties will be expected to produce evidence in support of their respective positions. The Clerk shall consult with the parties regarding the anticipated time necessary to complete the evidentiary portion of the hearing.

**SO ORDERED** this   24th   day of July, 2019.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court